IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**PENSKE,**
**Employer Below, Petitioner**

**v.) No. 24-ICA-231**      (JCN: 2022007062)

**JAMES A. HUGHEY,**
**Claimant Below, Respondent**

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Penske appeals the May 10, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent James A. Hughey timely filed a response.[1] Penske did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order and holding the claim compensable for lumbar sprain/strain.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hughey alleged that he sustained a workplace injury on August 25, 2021, while employed by Penske as a diesel mechanic. According to Mr. Hughey's testimony, a four-foot prybar he was using to change a tire slipped, causing him to fall forward on his hands and knees. Mr. Hughey was seen at the CAMC Memorial Hospital Emergency Department on August 27, 2021, where he was treated by William Brash II, D.O., and Molly Seidler, M.D. Mr. Hughey reported that he hurt his lower back while using a wrench to work on a tractor trailer. The assessment was back injury, and that Mr. Hughey's radiating pain followed a trauma. Mr. Hughey underwent an MRI of his right hip and pelvis, which revealed spondylosis of the lower lumbar spine with no acute fracture or dislocation. An x-ray of the lumbosacral spine, performed at the hospital visit, revealed mild degenerative disc disease at L4-L5 and L5-S1 with right convexity of the lumbar spine.

Mr. Hughey completed an Employees' and Physicians' Report of Occupational injury or disease on September 8, 2021, which alleged that he sustained a lower back injury at work on August 27, 2021, while bending over and working on a tractor trailer when the

---

[1] Penske is represented by Aimee M. Stern, Esq. Mr. Hughey is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq.

wrench slipped, and he fell forward. The physician's section of the form was not completed.

Mr. Hughey was again seen at CAMC Memorial Hospital Emergency Department on September 8, 2021, for worsening back pain, following a fall at work, in which he landed forward and strained his back. Christopher McKinless, DO, examined Mr. Hughey and diagnosed sciatica of the left side associated with a disorder of the lumbar spine. Dr. McKinless completed the physician's section of the Employees' and Physicans' Report of Occupational Injury or Disease on the same date. He described Mr. Hughey's injury as a fall which caused a left lumbar sprain with sciatica, that was the direct result of an occupational injury, and that the injury did not aggravate a prior injury or disease. Dr. McKinless indicated that the body part injured was the left L4 lumbar paraspinal musculature and opined that Mr. Hughey could perform modified duty with no heavy lifting, no bending, and no lifting above ten pounds.

On September 13, 2021, Luke Rollyson, a coworker of Mr. Hughey, recounted the events of August 25, 2021, in an unnotarized signed statement. Mr. Rollyson indicated that Mr. Hughey was changing tires, and that about halfway through his task he indicated to Mr. Rollyson that his back was hurting. Mr. Rollyson further stated that Mr. Hughey told him that his back was injured at his previous location. Mr. Rollyson indicated that Mr. Hughey never informed him that he injured his back on August 25, 2021, and that he said only that his back was hurting. Finally, Mr. Rollyson stated that Mr. Hughey was able to finish his task and worked an hour of overtime before leaving for the day.

On September 21, 2021, Kylie Risendal, PA-C, a physician's assistant at John Orphanos, M.D.'s office examined Mr. Hughey. Mr. Hughey reported that his back pain began on August 25, 2021, when he was changing tires on a tractor trailer. He denied issues with his back prior to this event. PA-C Risendal diagnosed low back pain, degeneration of lumbar intervertebral disc, pain radiating to right leg, and pain radiating to left leg. Mr. Hughey was referred to therapy, and PA-C Risendal indicated that if he did not improve, a lumbar spine MRI without contrast would be ordered for further evaluation.

On October 21, 2021, the claim administrator issued an order rejecting the claim on the basis that Mr. Hughey did not sustain an injury in the course of and as a result of his employment. By separate order dated October 21, 2021, the claim administrator denied Dr. Orphanos' requests for physical therapy and a lumbar spine MRI without contrast. Mr. Hughey protested these orders.

On October 29, 2021, Dr. Orphanos requested a lumbar MRI without contrast for the diagnosis of degeneration of lumbar intervertebral disc. The MRI was performed on November 19, 2021. The impression was dextrocurvature of the lumbar spine with multilevel degenerative changes, most pronounced at L5-S1; at L5-S1, there was a central/right central disc extrusion which causes abutment of the traversing right S1 nerve

root at this level, moderate right and mild left foraminal stenoses were present at this level; and multiple T2 hyperintense renal masses bilaterally likely represent simple to minimally complex renal cysts but were incompletely characterized.

On February 28, 2022, the Office of Judges ("OOJ") affirmed the claim administrator's order dated October 21, 2021, which rejected the claim and denied authorization for physical therapy and a lumbar MRI. On June 22, 2022, the Board adopted the OOJ's findings of fact and conclusions of law and affirmed the OOJ's February 28, 2022, decision. However, in *Hughey v. Penske*, No. 22-578, 2024 WL 340456 (W. Va. Jan. 25, 2024) (memorandum decision), the Supreme Court of Appeals of West Virginia vacated the Board's order and remanded the claim for reevaluation as to both compensability and further medical treatment. The Supreme Court of Appeals concluded that the Board mischaracterized the medical evidence in finding that "[a] preponderance of credible medical evidence" showed that a compensable injury did not occur. *Id.* at *3.

On remand, the Board reversed the claim administrator's October 21, 2021, order and held the claim compensable for the lumbar sprain/strain.[2] The Board found that Mr. Hughey consistently stated that he sustained a low back injury while changing tires on a tractor trailer. Further, the Board noted that although Mr. Rollyson stated that Mr. Hughey did not inform him that he sustained a new injury on August 25, 2021, Mr. Hughey's testimony and other representations regarding the injury were credible and persuasive. Regarding the medical evidence, the Board noted that a back sprain was referenced in the CAMC treatment note dated August 27, 2021. Further, Dr. McKinless' findings included a paraspinal muscle strain, and he described the injury as a fall and a left lumbar sprain with sciatica. Thus, the Board concluded that a preponderance of the evidence establishes that Mr. Hughey sustained a lumbar sprain/strain in the course of and resulting from his employment. It is from this order that Penske now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

---

[2] The Board's order also modified the claim administrator's October 21, 2021, order and authorized continued physical therapy, but affirmed the denial of a lumbar spine MRI without contrast. Additionally, the Board remanded the claim to the claim administrator with instructions to issue a protestable order addressing Mr. Hughey's entitlement to TTD benefits. However, these portions of the Board's order are not at issue on appeal.

3

petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 905 S.E.2d 528 (2024).

On appeal, Penske argues that the Board erred in concluding that the medical evidence establishes that Mr. Hughey suffered a lumbar sprain/strain in the course of and resulting from his employment. Further, Penske asserts that the Board erred in concluding that Mr. Hughey's representations credibly established that he suffered a lumbar strain/sprain in the course of his employment. We disagree.

In order for a claim to be held compensable, three elements must coexist: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970).

Moreover, as set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order and holding the claim compensable for lumbar sprain/strain.

The Board was not clearly wrong in determining that the medical evidence establishes that Mr. Hughey sustained a lumbar sprain/strain in the course of and resulting from his employment. On remand, the Board found that back sprain was referred to in the CAMC treatment notes dated August 27, 2021. Further, the Board noted that Dr. McKinless' findings included paraspinal muscle strain and he described Mr. Hughey's injury as a fall and a left lumbar strain with sciatica. Also, the Board noted that the CAMC Emergency Department Return to Work form indicates that Mr. Hughey's injury was work-related. Based on the foregoing, we conclude that the Board's finding that the medical evidence establishes that Mr. Hughey sustained a lumbar sprain/strain in the course of his employment is supported by substantial evidence.

4

Further, we conclude that the Board was not clearly wrong in finding that Mr. Hughey's testimony and other representations were credible and persuasive. Although Penske argues that there were inconsistencies regarding the mechanism of injury, the Board found that Mr. Hughey consistently stated that he sustained a low back injury while changing tires on a tractor trailer. Further, the Board found that Mr. Rollyson's statement did not alter the credibility of Mr. Hughey's testimony. Finding no error, we defer to the Board's credibility determinations. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence. . . .").

Accordingly, we affirm the Board's May 10, 2024, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear